Hon. Albert J. Pirro, Jr. Town/Village Attorney, Harrison
This is in response to your request for an opinion of the Attorney General as to whether the Town/Village of Harrison may enact a local law in connection with conversion of rental premises to cooperatives or condominiums instead of adopting the provisions of General Business Law, § 352-ee.
Towns and villages, as creatures of the State, may exercise only those powers specifically delegated to them by the State. (Wells v Town ofSalina, 119 N.Y. 280 [1890]; Seaman v Fedourich, 16 N.Y.2d 94, 101
[1965].) General grants of legislative power to villages and towns do not include the specific authority to regulate the conversion of rental premises (Village Law, § 4-412; Town Law, §§ 64, 130).
However, the specific authority to regulate the conversion of rental property to cooperatives or condominiums has been granted to villages and towns in Rockland, Westchester and Nassau Counties by General Business Law, § 352-ee (L 1978, ch 544). Local legislative bodies in such counties have the option of electing to be covered by the provisions of such statute. (General Business Law, § 352-ee(7)). Detailed procedures for converting rental property, including rights and duties of landlords and tenants, are set out by such statute. Thus, the villages and towns in the affected counties are restricted to an act of election specifically authorized by General Business Law, § 352-ee and are not authorized to supersede, modify or amend the provisions of such statute by local law.
Therefore, I conclude that the Town/Village of Harrison, located in Westchester County, is only authorized to adopt the provisions of General Business Law, § 352-ee and is not authorized to adopt a local law which regulates the conversion of rental premises to cooperatives or condominiums.